SANDRA D. LYNCH, ESQ., P.C.
Travel Pacificana Building, Suite 3
207 MARTYR STREET
HAGÅTÑA, GUAM 96910
Telephone: (671) 472-8889
Fax: (671) 472-8890
E-Mail: sdlynch@ite.net
  or sellislynch@hotmail.com

*Attorney for Plaintiff Gerald C. Smith*

FILED
DISTRICT COURT OF GUAM
JAN 0 5 2004
MARY L. M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

GERALD C. SMITH,

   Plaintiff,

vs.

DONALD RUMSFELD,
SECRETARY OF DEFENSE,
and Department of Defense Schools,

   Defendants.

CIVIL CASE NO. 04-00001

COMPLAINT UNDER
42 USC §2000 e, et seq.
[Title VII of Civil Rights Act]

Comes now Plaintiff and herein alleges as follows:

**PRELIMINARY STATEMENT/JURISDICTION**

1. This is a suit in equity pursuant to Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq., as amended.

2. This Court has jurisdiction pursuant to 42 USC §2000e and -5(f) and 28 USC §1343(4), to secure the protection of and to redress deprivations of rights, and to provide relief against racial, religious, national origin, and sex discrimination in employment;

3. The conditions precedent to jurisdiction under 42 USC 2000 e-5(f)(3) have been met since each Plaintiff filed charges of employment discrimination with the Equal Employment

Opportunity Commission office for federal employees on October 25, 2000. An investigation was conducted between October 18 and December 31, 2001. The Investigator submitted a Declaration dated December 31, 2001.

4. The ALJ issued his Decision Granting Summary Judgment To The Agency on September 23, 2002. The Agency's Final Action is dated October 25, and was appealed by Mr. Smith. The ALJ dismissed the appeal.

## PARTIES

5. Plaintiff, Gerald C. Smith, is a citizen of the United states; is a white male, and is over 40 years of age.

6. Defendant Secretary of Defense, is the supervisor for Department of Defense Schools, of which Guam's DoDea School is a part.

7. Upon information and belief, Defendant is required to be named as the responsible party in this action pursuant to statute, despite that Plaintiff reported to agents and assigns in Guam and other regional offices for Department of Defense schools;

8. Plaintiff was at all time relevant an employee of the Department of Defense School and/or Education System;

## ALLEGATIONS

9. At all times relevant, Plaintiff performed his duties and carried out the obligations of his employment fully.

10. At all relevant times, Plaintiff was the most qualified person to obtain the positions for which he applied, yet he was denied such promotions on account of his age.

11. During the course of his employment, Plaintiff was discriminated against on the basis of his age, since he was treated differently of younger age in the same or similar positions;

12. Plaintiff was discriminated against by the Department of Defense Education Activity, by his

GERALD C. SMITH V. DONALD RUMSFELD
Civil Case No. _____
COMPLAINT [Civil Rights Act]

-2-

transfer twice in three years because of his age, after he was denied promotions to Principal because of his age.

13. Plaintiff alleges he was subjected to retaliation and disparate treatment after he filed his EEO complaint.

14. Beginning August 18, 2000, the Defendant's agents harassed and discriminated against him by subjecting him to a hostile work environment by Defendant and its agents, employees, supervisors, and other persons to whom it delegated authority to act;

15. During the course of his employment, Plaintiff was subjected to age and sex discrimination when younger or female employees were hired after he was hired, and the younger, or female employees were given job preference and job stability, while Plaintiff was transferred;

16. Since his initial complaint in early September, 2000, Plaintiff has been subjected to continued retaliation, reprisal and age discrimination.

17. On or about August 25, 2002, Plaintiff was denied promotion to the principalship of Anderson Middle School despite that he was the most qualified candidate who applied out of the four applicants. This constitutes retaliation and discrimination.

18. The person selected for the principalship is a younger male, whose career has been spent at the elementary level with only six months experience in secondary education, contrary to one of the key reasons given by management to EEO as to why Mr. Smith was not selected in prior applications for promotion.

19. Upon information and belief, the panel used for selection of the most recent principal position for which Plaintiff applied was comprised of the personnel manager, who should not have been involved in the selection process.

20. Upon information and belief, the panel used for selection of the principalship at Andersen did not conform to the proper regulations or procedures, and therefore was discriminatory in its

GERALD C. SMITH V. DONALD RUMSFELD
Civil Case No. _____
COMPLAINT [Civil Rights Act]

-3-

effect.

21. Upon information and belief, the panel used for selection of the principalship at Andersen was empaneled in order to deny to Plaintiff the benefits of a neutral panel for consideration of his application, and did so once empaneled.

22. Upon information and belief, at least one panel member used disparaging remarks against Plaintiff which caused his application to be given less than adequate consideration.

23. Upon information and belief, despite that negative comments are not to be made about candidates and personal information not imparted to the panel, one or more of the members, or an observer, made serious derogatory comments, unfounded and unverified, regarding me, causing Plaintiff's application and reputation to be tainted.

24. The actions permitted by the panel caused Plaintiff not to be promoted. This action violates the law, is reprisal, is a denial of due process, and represents unfair labor practice and violates numerous civil rights laws.

25. Upon information and belief, no minutes were kept of the selection panel discussions, contrary to established practices of other panels.

26. The actions of Defendant's agents as a whole, constituted discrimination, retaliation, and reprisal against him and denied him the equal opportunities in his employment.

27. As a result of the wrongful conduct of the Defendant and or his agents, Plaintiff was denied the benefits of a promotion, and lost wages related to each principalship he was denied.

28. As a further result of the wrongful conduct of the Defendants and or his agents, Plaintiff's reputation as an educator, in his peer community, and in the workplace were damaged.

29. As a further result of the wrongful conduct of the Defendant, Plaintiff has suffered emotional harm, humiliation, and concern for his career, his reputation, and his earning ability in the future.

**GERALD C. SMITH V. DONALD RUMSFELD**
Civil Case No. _____
**COMPLAINT [Civil Rights Act]**

-4-

THEREFORE, Plaintiff prays that:

1. The Court enter its order finding discrimination in employment against the Defendant;
2. That he be compensated for lost wages as a result of each lost promotion;
3. That he be compensated in amounts to which he would have been entitled in the form of other benefits of employment as a principal from the earliest promotion possible;
4. That he be compensated for any other damages he proves at trial;
5. That he be reimbursed his costs and attorneys fees; and
6. For any other relief to which he may be entitled.

Respectfully submitted this 5th day of January, 2004

**LAW OFFICES OF SANDRA D. LYNCH**

By: *[signature]*
SANDRA D. LYNCH, ESQ.
Attorneys for Complainant

GERALD C. SMITH V. DONALD RUMSFELD
Civil Case No. _____
**COMPLAINT [Civil Rights Act]**

-5-

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of _____

R.A., a person with a disability,

**SUMMONS IN A CIVIL CASE**

V.

FELIX P. CAMACHO, in his official
capacity as Governor of Guam,
ROSEANNE ADA, in her official
capacity as Director of the Department of
Integrated Services for Individuals with
Disabilities,
J. PETER ROBERTO, in his official capacity
as Director for the Department of Mental
Health and Substance Abuse.

CASE NUMBER: **04-00005**

TO: (Name and address of Defendant)

GOVERNOR FELIX P. CAMACHO
Office of the Governor
Suite 405 Pacific News Bldg.
238 Archbishop Flores Street
Hagatna, GU 96910

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

GUAM LEGAL SERVICES CORPORATION
113 Bradley Place
Hagatna, GU 96910

an answer to the complaint which is served on you with this summons, within ___twenty (20)___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

MARY L. M. MORAN
Clerk Of Court

FEB -3 2004

CLERK                                    DATE

/s/ Walter M. Tenorio

(By) DEPUTY CLERK

ACKNOWLEDGED RECEIPT

By: _Sophia B Murphy_
Date: _3 Feb 2004_

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

  Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____
_____

☐ Other (specify): _____

_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____  _____
             Date            *Signature of Server*

             _____
             *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.